T.C. Memo. 1999-4

UNITED STATES TAX COURT

THOMAS MARK PEASLEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8582-97.                    Filed January 13, 1999.

Thomas Mark Peaslee, pro se.

James A. Whitten, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant
to section 7443A(b)(3) of the Internal Revenue Code and Rules
180, 181, and 182 of the Tax Court Rules of Practice and
Procedure.  Unless otherwise indicated, all section references
are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal
income tax in the amount of $1,451 for the 1993 tax year.

The issue for decision is whether petitioner is liable for a 10 percent additional tax under section 72(t)(1) on a $14,505.08 distribution from his individual retirement account (IRA).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Sunnyvale, California.

### FINDINGS OF FACT

In 1993, petitioner was employed as a mechanical designer by Press Specialties Manufacturing Company, Inc. in Portland, Oregon, and later that same year, in the same capacity, by World Auxiliary Power in Oakland, California. Petitioner had initially moved from California to Oregon to be near his daughter. Petitioner's ex-wife and daughter had earlier moved to Oregon from California and petitioner had followed in an attempt to enforce visitation rights granted to him in a 1978 Interlocutory Judgment of Dissolution of Marriage entered by a California court.

Petitioner became frustrated in his unsuccessful attempts to enforce the California court order in Oregon. Petitioner later "fled" Oregon because he believed there had been two attempts on his life by "government employees of the State of Oregon". Petitioner withdrew funds from his IRA and bank accounts in Oregon and moved back to California. Petitioner, who was born on March 10, 1947, was 46 years of age in 1993 when the withdrawals were made.

Petitioner filed a 1993 Federal income tax return and calculated his Federal income tax to be $6,262. Petitioner had $2,090 in Federal income tax withheld and computed his remaining Federal income tax liability to be $4,172.

Petitioner reported a distribution from his IRA in the amount of $14,505.08 on his 1993 Federal income tax return, but did not pay a 10-percent additional tax on that distribution.

In a notice of deficiency dated January 31, 1997, respondent determined a deficiency in the amount of $1,451. This amount represented a 10-percent additional tax on IRA distributions pursuant to section 72.

OPINION

Under section 408(d)(1), a distribution from an IRA is taxable to the distributee in the year of distribution in the manner provided under section 72. Section 408(d)(3) provides an exception to the general rule for certain "rollovers" by the distributee; namely, where a distribution is paid to the distributee, and the distributee transfers the entire amount of the distribution to an IRA or an individual retirement annuity within 60 days of receipt.

Section 72(t)(1) provides for a 10-percent additional tax on distributions from qualified retirement plans. Section 72(t)(2) excludes qualified retirement plan distributions from the 10-percent additional tax if the distributions are: (1) Made on or after the date on which the employee attains the age of 59-1/2; (2) made to a beneficiary (or to the estate of the employee) on

- 4 -

or after the death of the employee; (3) attributable to the employee's being disabled within the meaning of section 72(m)(7); (4) part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee or joint lives (or joint life expectancies) of such employee and his designated beneficiary; (5) made to an employee after separation from service after attainment of age 55;[1] or (6) dividends paid with respect to stock of a corporation which are described in section 404(k).  A limited exclusion is also available for distributions made to an employee for medical care expenses.  Sec. 72(t)(2)(B).

Petitioner's IRA was a qualified retirement plan. Petitioner did not roll over his IRA distribution and does not claim to fit within any of the statutory exceptions of section 72(t)(2).  Instead, petitioner testified that he was unaware of the provisions of section 72(t) and asks this Court for relief. Petitioner would also have us consider his actions in light of his recent legal difficulties in Oregon.

In his petition to this Court, petitioner contested the amount of the deficiency and all "unlawful fines and/or penalties."  Petitioner contends that in a separate action the Internal Revenue Service (IRS) levied upon petitioner's bank account because petitioner failed to pay his 1993 Federal income tax liability of $4,172 as shown on his return.  At that time,

---

[1]  This provision, codified at sec. 72(t)(2)(A)(v), is not applicable to premature IRA distributions.  Sec. 72(t)(3)(A).

the IRS apparently determined a "fine" or "penalty" in regard to the $4,172 amount.

In contesting all "unlawful fines and/or penalties" in his petition to this Court, petitioner is inviting this Court to consider all of the 1993 "fines and/or penalties" determined by the IRS.  We decline to do so.

Petitioner has not contested on any specific ground respondent's determination that he is liable for a 10-percent additional tax on his 1993 IRA distribution.  Since petitioner fails to qualify for any of the statutory exceptions under section 72(t)(2), we hold that petitioner is liable for the 10-percent additional tax on distributions from a qualified retirement plan for 1993 as provided in section 72(t)(1). Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.